## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, | : | |
| | : | CASE NO. 2:22cv4344 |
| Plaintiff, | : | |
| v. | : | JUDGE SARGUS |
| | : | |
| UNITEDHEALTHCARE LIFE INSURANCE CO., | : | MAGISTRATE JUDGE |
| | : | |
| Defendant. | : | |

### PLAINTIFF JANE DOE'S MOTION FOR LEAVE
### TO PROCEED UNDER A PSEUDONYM

Plaintiff Jane Doe, by and through her undersigned counsel, hereby moves, pursuant to Fed.R.Civ.P. 5.2, 16, and 26, for leave to proceed under a pseudonym because, based on her exhaustion of Defendant's review and internal appeal process, it is fully aware of her identity and the details, including medical records, surrounding her claim for reimbursement under a health insurance policy of an expensive drug she has been prescribed; she is bringing an action under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 *et seq.*, which will be decided on cross-motions for Judgment on the Administrative Record, rather than by a jury trial; discovery is not anticipated; her medical conditions stretched back since before age 15 – she is now age 18 – and involved both physical and psychological aspects that are exceedingly personal and private; and she is starting higher education and benefiting so much from the unreimbursed medication that she is hoping to make a clean break with her past. The Complaint she seeks leave to file under a pseudonym is attached hereto as Exhibit A.

### MEMORANDUM IN SUPPORT OF PLAINTIFF JANE DOE'S
### MOTION FOR LEAVE TO PROCEED UNDER A PSEUDONYM

Fed.R.Civ.P. 10(a) and 17(a)(1) require that a Complaint state the name of all real parties in interest. "Jane Doe" is a pseudonym, and she may proceed as a Plaintiff under a pseudonym only with leave from this Court. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). Her burden is to convince the Court that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Id.* The Court's determination is discretionary, reviewed on appeal only for any abuse. *Samad v. Jenkins,* 845 F.2d 660, 663 (6th Cir.1988).

The Sixth Circuit has identified the basic considerations informing the exercise of that discretion: "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children." *Porter*, 370 F.3d at 560. A common additional consideration is whether the defendant would be prejudiced by having the plaintiff proceed with a pseudonym. *See, e.g., Plaintiff v. Wayne State Univ.*, No. 20-CV-11718, 2021 WL 243155, at *7 (E.D. Mich. Jan. 29, 2021); *Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *1 (E.D. Mich. Jul. 17, 2018).

Ms. Doe is suing to challenge corporate, rather than governmental, activity. The first *Porter* consideration does not, therefore, support her motion. To the extent, though, that corporate health insurance is ubiquitous in the United States and the need to restrain parsimonious corporate interpretation of policies imperative, the consideration remains in her favor. The rationale for the consideration must be that public policy favors facilitating suits against the government because restraining governmental abuse serves all citizens and taxpayers, notwithstanding the more limited focus on the parties in a particular case. That rationale justifies facilitating Ms. Doe's lawsuit as well.

The second consideration overwhelmingly supports Ms. Doe's motion.  In the Complaint lodged with this Motion, Ms. Doe shoulders her burden of plausibly alleging that UHC unreasonably denied her reimbursement for an expensive drug medically necessary to treat her health conditions.  The précis is that Ms. Doe has been morbidly obese throughout her adolescence and is insulin-resistant and prediabetic; exhaustively sought treatment; suffered related physical and psychological problems that were often tragic and intense; and has been prescribed an expensive drug that has already shown measurable signs of progress.  At age 18 she is starting college with hope, though also with the unreimbursed expense -- $900 or so per month – of the drug that the United States Food and Drug Administration has approved for patients in her situation.

Her morbid obesity is apparent to all who meet or see her, but the details in the Complaint, details relied upon by her treating physician and ostensibly ignored by UHC, are privileged medical records and private matters that she does not share publicly.  Congress enacted a statute, HIPAA (the Health Insurance Portability and Accountability Act), precisely because such information is so confidential.  Having her name in a computer searchable public database where such intimate information can readily be found is exactly the wrong way to start college or to fuel  hope that the expensive drug will distant her from a difficult past.

Ms. Doe is not alleging sexual abuse and recognizes that child victims have a unique need for anonymity.  *See, e.g., NMIC Ins. Co. v. Smith*, No. 2:18-cv-533, 2018 WL 7859755, at *2 (S.D. Ohio Oct. 24, 2018).  She is, though, alleging a sufficiently analogous exposure of extremely private information and documents for leave to be granted.

The third consideration of disclosing illegal activity is inapposite, but the fourth – her age – is instructive.  At age 18 Ms. Doe is no longer a child; however, the facts on which she

plausibly alleges an unreasonable denial of benefits concern mostly her childhood years. *See., e.g., Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024, 1027 (S.D. Ohio 2021) ("Anonymity also protects minors with sensitive mental health histories.") (citing *Mich. Prot. & Advoc. Serv., Inc. v. Caruso*, No. 5:05-cv-128, 2006 WL 958496, at *2 (W.D. Mich. Apr. 10, 2006)).

UHC is not prejudiced in any way from Ms. Doe proceeding with a pseudonym. It is completely aware of her real identity and all the background facts. She administratively exhausted under her real name, and UHC has all her medical records as well as statements by her or on her behalf. In most ERISA cases there is no discovery, the case being resolved on the administrative record. Ms. Doe knows of no reason why this case would differ in that regard.

Prejudice has been found when proceeding with a pseudonym would cause "difficulties in conducting discovery" or there would be "reputational damage to defendants" apart from that damage intrinsic to being sued at all. *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2021 WL 1738349, at *6 (S.D.N.Y. May 3, 2021) (citations omitted). No such prejudice would be suffered by UHC. There are no putative witnesses who, upon learning of Ms. Doe's lawsuit, would step forward. *See, e.g., Roe v. Does 1-11*, No. 20-CV-3788-MKB-SJB, 2020 WL 6152174, at *3 (E.D.N.Y. Oct. 14, 2020) ("Allowing a plaintiff to proceed anonymously may also hamper witnesses coming forward of their own volition to either bolster or refute a plaintiff's allegations."). UHC's complete access to Ms. Doe's identity and medical records avoids any prejudice. "This measure [of sharing her identity with defendants] is sufficient to protect defendants from prejudice." *Doe v. Mitchell*, No. 2:20-CV-00459, 2020 WL 6882601, at *6 (S.D. Ohio Nov. 24, 2020), *report and recommendation adopted*, No. 2:20-CV-459, 2021 WL 2313436 (S.D. Ohio June 7, 2021).

Ms. Doe urges the Court to exercise its discretion in a way that permits her a chance to maintain the secrecy of her years-long struggles and the associated personal and psychological trauma she has experienced while enabling her to prosecute her ERISA claim. The price of seeking insurance reimbursement should not be exposure to additional trauma.

Respectfully submitted,

Respectfully submitted,

**OF COUNSEL:**
Louis A. Jacobs (002101)
(*LAJOhio@aol.com*)
177 19th St., Apt. 9C
Oakland, CA 94612
(614) 203-1255
Fax (510) 250-9007

By: */s/ John S. Marshall*
John S. Marshall (0015160)
*(jmarshall@marshallforman.com)*
Edward R. Forman (0076651)
*(eforman@marshallforman.com)*
Samuel M. Schlein (0092194)
*(sschlein@marshallforman.com)*
Helen M. Robinson (0097070)
*(hrobinson@marshallforman.com)*
Madeline J. Rettig (0098816)
*(mrettig@marshallforman.com)*
MARSHALL FORMAN AND SCHLEIN LLC
250 Civic Center Dr., Suite 480
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing was filed with the Court on this 9th day of December, 2022 using the CM/ECF system, which will send notification of such filing to all counsel of record. Parties may access this filing through the court's filing system.

By: ___/s/ John S. Marshall
John S. Marshall (0015160)